10-223-cv
*Zherka v. Bogdanos et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand eleven.

PRESENT: ROSEMARY S. POOLER,
RICHARD C. WESLEY,
DENNY CHIN,
*Circuit Judges.*

_____

SELIM ZHERKA,

*Plaintiff-Counter-Defendant-Appellant,*

-v.-                                    10-223-cv

MATTHEW F. BOGDANOS, INDIVIDUALLY,

*Defendant-Appellee,*

MICHAEL R. EDELMAN, a/k/a THE CONSULTANT, INDIVIDUALLY,

*Defendant-Counter-Claimant-Appellee,*

PHILIP AMICONE, INDIVIDUALLY AND IN HIS CAPACITY AS MAYOR OF THE CITY OF YONKERS, NEW YORK,

*Defendant-Third-Party Plaintiff-Counter-Claimant-Counter-Defendant-Appellee,*

*and*

DAVID DOE, a/k/a/ ETHAN EDWARDS, INDIVIDUALLY, EDMUND ROE, a/k/a MOB BUSTER, INDIVIDUALLY, JOHN POE, INDIVIDUALLY, WILLIAM ROE, INDIVIDUALLY, JANET DOE,
                    *Defendants-Appellees.*[*]

---

FOR APPELLANT:          RORY BELLANTONI (Jonathan Lovett, *on the brief*), Lovett & Bellantoni, LLP, Hawthorne, NY.

FOR APPELLEE BOGDANOS:  PATRICIA J. BAILEY, Assistant District Attorney, *for* Cyrus R. Vance, Jr., District Attorney for New York County, New York, NY.

FOR APPELLEE EDELMAN:   PATRICK W. BROPHY, McMahon, Martine & Gallagher, LLP, Brooklyn, NY.

FOR APPELLEE AMICONE:   BRIAN T. BELOWICH, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Appellant appeals from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*), which dismissed with prejudice his claims against Appellees.  We assume the parties' familiarity with

---

[*] The Clerk of the Court is directed to amend the official caption in accordance with this order.

the underlying facts, the procedural history, and the issues presented for review.

Appellant is a businessman whose holdings include the *Westchester Guardian*, a weekly newspaper. During Appellee Amicone's re-election campaign for Mayor of the City of Yonkers in the fall of 2007, the *Guardian* published articles criticizing the Mayor and his administration.

Appellant alleges that, to retaliate against this exercise of his First Amendment rights, Defendants-Appellees arranged to have Appellee Bogdanos, an Assistant District Attorney for New York County, initiate a investigation against him. Appellant brought suit in the Southern District pursuant to 42 U.S.C. §§ 1983, 1985(2), alleging a civil conspiracy to violate his rights.

In his Amended Complaint, Appellant particularized his allegations that the investigation was retaliatory and pretextual. Those allegations included a reference to a Notice of Interception issued to Appellant by Appellee Bogdanos in November 2008, informing him of eavesdropping warrants placed on several phone numbers. These phone numbers belonged to known associates of Appellant, with whom he may have had communications during the relevant time period.

3

Judge Seibel appropriately noted that this Notice shows the investigation involving Appellant was well underway long before the protected speech Appellant claims provoked the retaliation. Finding that temporal proximity was the only non-conclusory allegation of retaliation pled by Appellant, and that the Notice of Interception contradicted that allegation, the judge dismissed the complaint with prejudice.

We review the grant of a motion to dismiss *de novo*, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *See, e.g., Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). Applying this standard of review, we reach the same conclusion as the district court: the complaint is factually insufficient to state a claim for a civil conspiracy. Indeed, it is self-defeating. Accordingly, we affirm the district court's dismissal of the claim against all Defendants-Appellees named here.

Appellant also contests the dismissal of his civil conspiracy claim, which alleged a conspiracy to intimidate witnesses under 42 U.S.C. § 1985(2). We have considered his contentions on this issue, and find them without merit.

4

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk