10-5059-cv
Zherka v. City of New York

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

Present:
     RALPH K. WINTER,
     ROBERT A. KATZMANN,
     GERARD E. LYNCH,
          *Circuit Judges*.

_____

SELIM ZHERKA,

     *Plaintiff-Appellant*,

          v.                                                    No. 10-5059-cv

CITY OF NEW YORK,

     *Defendant-Appellee*.

_____

For Plaintiff-Appellant:                    RORY J. BELLANTONI, Lovett & Bellantoni, LLP,
                                            Hawthorne, N.Y.

For Defendant-Appellee:           FAY NG, Assistant Corporation Counsel (Pamela
                                  Seider Dolgo, Assistant Corporation Counsel, *on
                                  the brief*), *for* Michael A. Cardozo, Corporation
                                  Counsel for the City of New York, New York, N.Y.


Appeal from the United States District Court for the Southern District of New York (Preska, *C.J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED.**

Plaintiff-Appellant Selim Zherka brings this action under 42 U.S.C. §§ 1983 and 1985, alleging that he is the victim of a wide-ranging, racially-discriminatory conspiracy among various City of New York (the "City") and Westchester County officials to publicly brand him as an "Albanian mobster," principally in retaliation for the publication of an article critical of the Westchester County District Attorney in a local news periodical that he owns. By Order and Judgment dated November 9, 2010, the district court (Preska*, C.J.*) dismissed Zherka's First Amended Complaint ("Complaint") on the grounds that it failed to adequately allege the existence of a municipal policy or custom, and that its claims are barred by operation of collateral estoppel. We assume the parties' familiarity with the underlying facts and procedural history of this case.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim. *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 103 (2d Cir. 2009). In order to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In assessing whether a

2

plaintiff has met this standard, the Court must accept all non-conclusory factual allegations as true and draw all reasonable inferences in the plaintiff's favor. *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008).

"[To] hold a city liable under § 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (alteration in original) (citation omitted); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). Similarly, municipal liability under § 1985(3) must also be predicated on an "official custom or policy" of the municipality. *Owens v. Haas*, 601 F.2d 1242, 1247 (2d Cir. 1979). Accordingly, "a municipality cannot be made liable [under §§ 1983 and 1985] by application of the doctrine of *respondeat superior*," *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986), but rather the plaintiff must "demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury," *Roe v. City of Waterbury*, 542 F.3d 31, 37 (2d Cir. 2008) (internal quotation marks omitted). In addition, where a plaintiff contends that the actions complained of "were taken or caused by an official whose actions represent official policy, the court must determine whether that official had final policymaking authority in the particular area involved." *Jeffes v. Barnes*, 208 F.3d 49, 57 (2d Cir. 2000).

Here, Zherka's factual allegations are insufficient to establish that his alleged harms resulted from a municipal "policy." It has long been well-settled that "the mere assertion that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (internal quotation marks, brackets, and ellipsis omitted). The

3

essence of the Complaint is its allegation that the New York City Police Department initiated an investigation into Zherka based on "false information provided [to] them" by Janet DiFiore and Mathew Bogdanos, the Westchester District Attorney and a New York County Assistant District Attorney, respectively. Compl. ¶ 11. However, neither DiFiore nor Bogdanos are City officials and so they cannot, by themselves, be engines of City policy. Moreover, there is nothing in the Complaint supporting a plausible inference that, for example, the City has a general policy of targeting ethnic Albanians for investigation, or of targeting individuals with an ownership interest in news periodicals that criticize public officials. Accordingly, the district court correctly held that Zherka's claims must be dismissed for failing to allege the existence of a municipal policy that led to a violation of his constitutional rights.

The district court also held, in the alternative, that Zherka's claims must be dismissed because they were premised on substantially the same factual allegations asserted by Zherka in several previously litigated cases. Once an issue of law or fact necessary to a judgment has been decided, the doctrine of collateral estoppel precludes the "relitigation of [that same] issue in a suit on a different cause of action involving a party to the first case." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (internal quotation marks omitted). Specifically, collateral estoppel precludes relitigation where "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *NLRB v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999). To meet the identity-of-issues prong of collateral estoppel, it is not necessary that the issues be exactly identical; it is sufficient that "the issues presented in [the

4

earlier litigation] are substantially the same as those presented by [the later] action." *ITT Corp. v. United States*, 963 F.2d 561, 564 (2d Cir. 1992).

Here, within months of the time Zherka filed the instant action, he filed three separate actions under 42 U.S.C. § 1983 in the Southern District Court of New York that were collectively premised on substantially identical factual circumstances as those alleged in the instant Complaint. In each of these cases, the district court (Seibel, *J.*) granted the defendant's motion to dismiss the relevant complaint and we affirmed the district court's dismissal. *See Zherka v. Bogdanos*, 411 F. App'x 440 (2d Cir. 2011) (summary order); *Zherka v. Amicone*, 634 F.3d 642 (2d Cir. 2011); *Zherka v. DiFiore*, 412 F. App'x 345 (2d Cir. 2011) (summary order). The doctrine of collateral estoppel developed to address precisely this situation, where a party seeks to repeatedly litigate the same issue by means of more specific pleadings, by repackaging the same factual allegations under different causes of action, or by filing identical actions against different defendants. *See, e.g.*, *Hickerson v. City of New York*, 146 F.3d 99, 109-10 (2d Cir. 1998) (plaintiffs barred from bringing claims under U.S. Constitution after litigating claims predicated on the same factual allegations under the New York State Constitution). Accordingly, the district court correctly held that Zherka is collaterally estopped from asserting the claims made in the instant action.

We have considered all of Zherka's additional arguments and found them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5