19-4172-cv
*Dennis Sant, et al. v. Willis Stephens, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of July, two thousand twenty.

PRESENT:    DENNY CHIN,
            SUSAN L. CARNEY,
            STEVEN J. MENASHI,
                  *Circuit Judges.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

DENNIS SANT, KATHLEEN SANT,
                  *Plaintiffs-Appellants*,

                  -v-                                    19-4172-cv

WILLIS STEPHENS, Individually and as Town
Attorney for Town of Southeast, Putnam County,
State of New York, TOWN OF SOUTHEAST,
PUTNAM COUNTY, STATE OF NEW YORK.
                  *Defendants-Appellees.*


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFFS-APPELLANTS:        STEVEN FELSENFELD, Felsenfeld Legal,
                                  PLLC, Ossining, New York.

FOR DEFENDANTS-APPELLEES:      STEPHEN J. GABA (Adam Rodd, *on the brief*),
                               Drake Loeb, PLLC, New Windsor, New York.

Appeal from the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-appellants Dennis Sant and Kathleen Sant ("plaintiffs") appeal the judgment of the district court, entered November 13, 2019, dismissing their amended complaint (the "Complaint") against defendants-appellees Willis Stephens and the Town of Southeast (the "Town" and, together with Stephens, "defendants") asserting claims under, *inter alia*, the First and Fourteenth Amendments, 42 U.S.C. §§ 1983 and 1985, and state law. By opinion and order entered November 12, 2019, the district court granted defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). On appeal, plaintiffs argue that the district court erred in concluding that their claims were barred under the statute of limitations and by *sua sponte* denying leave to amend the Complaint. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

*BACKGROUND*

The facts alleged in the Complaint are assumed to be true. *See Fisher v. SD Prot. Inc.*, 948 F.3d 593, 597 n.2 (2d Cir. 2020). At the heart of this case is a dispute over the Town's refusal to grant plaintiffs a zoning variance. Plaintiffs own property in the

2

Town, while Stephens serves as the Town Attorney and Town Prosecutor and also works as an attorney in private practice specializing in Town code and home owner disputes and litigation. In 1989, plaintiffs obtained a building permit to add a pole barn (the "barn") to their property, which they used as living quarters for Dennis Sant's brother. Despite various efforts, plaintiffs were unable to obtain permission to regularize the use of the barn as living quarters.

In 2008, the Town informed plaintiffs that the property could not be used for multi-residential use. In 2009, plaintiffs applied to the Town Planning Board for a zoning variance, but approval was never granted. On September 24, 2013, plaintiffs were served with an appearance/complaint ticket for a building code violation. The Town Court dismissed the ticket on January 21, 2016, and the Appellate Division affirmed the dismissal on May 23, 2017. On September 26, 2017, plaintiffs brought an Article 78 proceeding to compel the Town to grant them a variance. The action was dismissed as unripe on March 20, 2018 because plaintiffs failed to submit an application to the Town Zoning Board of Appeals and thus had not exhausted administrative remedies available to them. Plaintiffs allege that March 2018, after their Article 78 proceeding was dismissed, the Town came onto their property to measure setbacks. Plaintiffs further allege that in 2011 defendants blocked their daughter from taking a position in the Town Building Department and prevented their son from taking a position on the Town Zoning Board of Appeals.

3

Plaintiffs filed this action below on October 29, 2018, alleging that their difficulties obtaining a zoning grant, as well as obstacles their children encountered in obtaining positions with the Town, were the result of retaliation by defendants for Dennis Sant's public criticism of Stephens, and that the Town engaged in selective enforcement of the zoning code. The district court granted defendants' motion to dismiss and this appeal followed.

## *STANDARD OF REVIEW*

We review *de novo* the district court's grant of a motion to dismiss, accepting as true all facts alleged in the complaint and drawing all reasonable inferences in the moving party's favor. *See Yamashita v. Scholastic Inc.*, 936 F.3d 98, 103-04 (2d Cir. 2019). To survive a motion to dismiss, the plaintiff must allege facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## *DISCUSSION*

### I.      *Statute of Limitations*

The statute of limitations for actions brought in New York pursuant to §§ 1983 and 1985 is three years. *See Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir 2001) (§§ 1983 and 1985); *Okure v. Owens*, 816 F.2d 45, 49 (2d Cir. 1987) (§ 1983). Claims brought pursuant to §§ 1983 and 1985 accrue "once the plaintiff knows or has reason to know of the injury which is the basis of his action." *Cornwell v.*

4

*Robinson*, 23 F.3d 694, 703 (2d Cir. 1994) (internal quotation marks omitted).  Under the continuing violation doctrine, a plaintiff may bring claims that would otherwise be barred by the statute of limitations provided that "an act contributing to that [violation] took place within the statutory time period."  *Purcell v. N.Y. Inst. of Tech. - Coll. of Osteopathic Med.*, 931 F.3d 59, 65 (2d Cir. 2019).  The continuing violation doctrine applies only "to claims that by their nature accrue only after . . . some threshold amount of mistreatment," and not to "discrete unlawful acts, even where those discrete acts are part of a serial violation."  *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (internal quotation marks omitted).

Here, the action was filed on October 29, 2018, and thus any §§ 1983 and 1985 claims premised on discrete acts that accrued prior to October 29, 2015 are untimely.  *See Paige*, 264 F.3d at 199 n.2.  Most of the cognizable acts alleged in the Complaint are "discrete unlawful acts" that occurred well before 2015.  *See Gonzalez*, 802 F.3d at 220.  In 2008, the Town sent a warning to plaintiffs that the barn was not properly permitted for residential use.  In 2013, the Town served them with a ticket for building code violations.  Plaintiffs further allege that, in 2011, their children were blocked from obtaining certain positions with the Town as retaliation.  Accordingly, the district court did not err in concluding that plaintiffs' claims pursuant to §§ 1983 and 1985 that are premised on these discrete acts are time-barred.

5

The Complaint alleges one act that is fairly described as a continuing violation: Plaintiffs applied for a zoning variance in 2009, but the Town never granted the variance. Even if timely, however, any claims premised on this alleged inaction would still fail because plaintiffs did not file all the proper applications needed to obtain the variance. The March 2018 state court decision, which was incorporated into the Complaint, see *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000), held that plaintiffs had failed to complete their application for a variance because they filed a request with the Town Planning Board but not with the Town Zoning Board of Appeals. Plaintiffs are collaterally estopped from denying that they failed to submit the proper applications for the variance, and accordingly they cannot state a plausible claim that the Town acted unconstitutionally by failing to grant the requested variance. *See Dowling v. United States*, 493 U.S. 342, 347 (1990) (explaining that collateral estoppel applies "when an issue of ultimate fact has once been determined by a valid and final judgment" and "that issue cannot again be litigated between the same parties in any future lawsuit").

The Complaint also alleges one discrete action that occurred within the limitations period: the Town's measurement of setbacks in March 2018. Although timely, any §§ 1983 and 1985 claims premised on this act nonetheless fail because plaintiffs do not allege that Stephens personally participated in causing the setback measurements, *see Johnson v. Newburgh Enlarged Sch. Dist.*, 239 F.3d 246, 254 (2d Cir.

6

2001) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983"), or that the Town had an official policy or custom of measuring setbacks in retaliation for protected speech, *see Zherka v. City of N.Y.*, 459 F. App'x 10, 12 (2d Cir. 2012) (summary order) (holding that "a municipality cannot be made liable under §§ 1983 and 1985" unless an "official policy or custom" of the municipality was "the moving force behind the alleged injury") (alteration omitted).

For these reasons, all of plaintiffs' claims are barred by the statute of limitations or otherwise fail to state a plausible claim for relief.

## II.    *Leave to Amend*

"We review a district court's decision to grant or deny leave to amend a pleading . . . for abuse of discretion." *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003). Leave to amend may be denied for, *inter alia*, "failure to cure deficiencies by amendments previously allowed, . . . [or] futility of amendment." *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008); *see also TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) (leave to amend properly denied where plaintiff fails to specify how amendment would cure deficiencies in the pleading).

Here, plaintiffs had already amended their complaint once, and they did not request leave to file a second amended complaint prior to the district court's *sua sponte* denial of such leave. Moreover, though plaintiffs challenge the district court's

7

denial on appeal, they fail to specify how they would cure the pleading's deficiencies. *See TechnoMarine*, 758 F.3d at 505. Accordingly, the district court did not abuse its discretion when it denied plaintiffs leave to file a second amended complaint.

* * *

We have considered plaintiffs' remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk