**Barrett v Manhattan Detention Complex**

2024 NY Slip Op 31074(U)

March 29, 2024

Supreme Court, New York County

Docket Number: Index No. 158949/2018

Judge: Nicholas W. Moyne

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME·COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    HON. NICHOLAS W. MOYNE                PART        52

*Justice*

----------------------------------------------------------------X

MONTE BARRETT,

                       Plaintiff,

            - v -

MANHATTAN DETENTION COMPLEX, THE CITY OF NEW
YORK, THE NEW YORK CITY DEPARTMENT OF
CORRECTIONS, JOHN DOE NO. 1, OHN DOE NOS. 2-10

                       Defendant.

----------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158949/2018 |
| MOTION DATE | 08/18/2023 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 139, 140, 141, 142, 144, 145, 146, 147, 148, 149, 150, 151, 152, 153, 154, 155, 156, 157, 158, 159, 160, 161, 162, 163, 164, 165

were read on this motion to/for            _____AMEND CAPTION/PLEADINGS_____.

Upon the foregoing documents, it is

Plaintiff, Monte Barrett commenced this action seeking to recover for personal injuries allegedly sustained on July 29, 2017, when his right hand was crushed in an electronic sliding door while he was incarcerated at Manhattan Detention Complex. Plaintiff moves for an order, pursuant to CPLR § 3025, granting him leave to amend the complaint to add and/or reinstate his Second Cause of Action: a claim of municipal liability arising out of an alleged violation of his Eighth Amendment rights.

Defendants, Manhattan Detention Complex, The City of New York, and The New York City Department of Corrections (collectively "City defendants"), oppose the motion to amend and/or reinstate and cross-move for an order, pursuant to CPLR § 3211 (a)(7), dismissing the plaintiff's Federal Cause of Action for the failure to state a claim. Alternatively, the City seeks

[* 1]

**158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX**
Motion No. 005

Page 1 of 19

an order bifurcating the *Monell* claim for discovery and trial and staying discovery and trial on the *Monell* claim until after the conclusion of plaintiff's remaining claims.

### Relevant Procedural History:

In Motion Sequence 003, the City defendants moved to dismiss and the plaintiff cross-moved for leave to amend the complaint. In the decision and order, plaintiff's Second, Third, and Fourth Causes of Action were dismissed, and the cross-motion was denied. However, despite this denial the decision also permitted the plaintiff to move for leave to amend his complaint to attempt to comply with pleading requirements for *Monell* claims against the City (*see* NYSCEF Doc. No. 85). The plaintiff's Second Cause of Action, the Federal Cause of Action for *Monell* liability based on a purported violation of his Eighth Amendment rights and deliberate indifference to his medical needs, was dismissed because the complaint failed to adequately allege a policy or custom as required to sustain a *Monell* claim.

In Motion Sequence 004, plaintiff moved for a default judgment for the City defendants' failure to timely answer his proposed amended complaint and the City defendants cross-moved to compel acceptance of an answer and to dismiss claims in the proposed amended complaint. In the decision and order, plaintiff's motion was denied as this amended complaint was procedurally improper and the City defendants' cross-motion was denied as moot. Plaintiff was afforded an additional subsequent opportunity to seek leave to amend the complaint, pursuant to a motion made in compliance with CPLR § 3025 (*see* NYSCEF Doc. No. 136).

### CPLR§ 3025:

On a CPLR § 3025 motion, applications to amend pleadings are within the sound discretion of the trial court, with the consideration that leave shall be freely given upon such terms as may be just (*Kimso Apartments, LLC v Gandhi*, 24 NY3d 403, 411 [2014]). Motions for

**158949/2018 BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX**
**Motion No. 005**

**Page 2 of 19**

[* 2]

2 of 19

leave shall be freely granted, absent prejudice or surprise resulting therefrom, unless the proposed amendment is palpably insufficient or patently devoid of merit (*MBIA Ins. Corp. v Greystone & Co., Inc.*, 74 AD3d 499, 499 [1st Dept 2010]). A movant need not establish the merit of the proposed new allegations, however in order to conserve judicial resources, examination of the underlying merit of the proposed amendments is mandated (*Thompson v Cooper*, 24 AD3d 203, 205 [1st Dept 2005]). Accordingly, leave will be denied where the proposed amendment, as pleaded, fails to state a cause of action, or is palpably insufficient as a matter of law (*Id.*).

<u>CPLR § 3211 (a)(7):</u>

On a CPLR § 3211 (a)(7) motion to dismiss, the defendants bear the burden of establishing that the complaint fails to state a viable cause of action (*Connolly v Long Is. Power Auth.*, 30 NY3d 719, 728 [2018]). The question is whether the complaint adequately alleged facts giving rise to a cause of action, not whether it properly labeled or artfully stated one (*Sassi v Mobile Life Support Services, Inc.*, 37 NY3d 236, 239 [2021]). On a motion to dismiss claims for the failure to state a cause of action which include claims arising under 42 U.S.C. 1983, New York Courts apply the standard under CPLR § 3211 (a)(7) rather than federal pleading standards (*Vargas v City of New York*, 105 AD3d 834, 837 [2d Dept 2013]; see generally (*Jorge v City of New York*, 220 AD3d 593, 593 [1st Dept 2023]).

Eighth Amendment & Municipal Liability:

*Eighth Amendment:*

The Eighth Amendment guarantees freedom from cruel and unusual punishment and imposes a duty on prison officials to ensure that inmates receive adequate medical care (*Jones v Westchester County Dept. of Corrections Med. Dept.*, 557 F Supp 2d 408, 413 [SDNY 2008]). A

[* 3]

158949/2018   BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No. 005

Page 3 of 19

violation of the Eighth Amendment can be proven only if an inmate can demonstrate that prison officials have acted with deliberate indifference to his or her serious medical needs (*Matter of Wooley v New York State Dept. of Correctional Services*, 15 NY3d 275, 282 [2010]; relying on *Estelle v Gamble*, 429 US 97, 105, 97 S Ct 285, 291, 50 L Ed 2d 251 [1976]). In the proposed amended complaint, plaintiff alleges that the City defendants "violated plaintiff's Eighth Amendment Right of the United States Constitution when they engaged in a deliberate indifference to serious medical needs of prisoners, specifically, the plaintiff therein" (proposed amended complaint ¶ 47). Plaintiff alleges that for days and/or weeks following his injury on July 29, 2017, the City defendants continued to deny, and never provided, plaintiff adequate, prompt, or proper medical care (*Id.* ¶ 48). Plaintiff alleges that the City defendants demonstrated a deliberate indifference to his medical needs by failing to provide medical care that would prevent permanent and/or debilitating injuries and alleges that due to the City defendants intentionally and/or negligently withholding medical care, delaying and/or denying proper and necessary treatment, and/or knowingly interfering with plaintiff's medical treatment, exacerbated his injury (*Id.* ¶ ¶ 49, 50). However, it is well-settled that a municipal defendant is subject to statutory liability for deliberate indifference to medical needs under 42 U.S.C. 1983 only where an injury results from the execution of an unconstitutional policy or practice (*Small v St. Barnabas Hosp.*, 165 AD3d 576, 576 [1st Dept 2018]).

## Monell Liability:

Therefore, in seeking to reinstate the claim, plaintiff contends that the proposed amended complaint now sets forth the necessary elements of a *Monell* claim by demonstrating an official policy or practice when it comes to administering medical care to inmates in the City defendants' care. 42 U.S.C. 1983 is the statutory vehicle by which a plaintiff may bring a civil claim based

**158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX**
**Motion No.  005**

Page 4 of 19

4 of 19

on an alleged violation or deprivation of the rights, privileges, and immunities guaranteed by the United States Constitution and/or federal law (*see* 42 USC 1983). The Supreme Court of the United States held that a local government or municipality may be held liable under 1983 for the deprivation of Constitutional rights caused as a result of an official policy or custom (*Monell v Dept. of Social Services of City of New York*, 436 US 658, 690 [1978]). Under 1983, a municipality cannot be held liable for the acts of its employees on a theory of *respondeat superior*, rather the plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the alleged injury (*Lucente v County of Suffolk*, 980 F3d 284, 297 [2d Cir 2020]; *Monell v Dept. of Social Services of City of New York*, 436 US 658, 690 [1978]). Accordingly, to hold a city liable under 1983 for the unconstitutional actions of its employees, a plaintiff is required to plead and prove three elements: (1) an official policy or custom (2) that causes the plaintiff to be subjected to (3) a denial of a constitutional right (*Wray v City of New York*, 490 F3d 189, 195 [2d Cir 2007]).

A plaintiff seeking to impose liability on a municipality must prove that action pursuant to official municipal policy caused their injury (*Connick v Thompson*, 563 US 51, 60, 131 S Ct 1350, 1359, 179 L Ed 2d 417 [2011]). The mere invocation of the pattern or plan will not suffice without a causal link and absent a showing of a causal link between an official policy or custom and the plaintiff's injury, a finding of liability against the City is prohibited (*Batista v Rodriguez*, 702 F2d 393, 397 [2d Cir 1983]). The injury alleged must consist of a constitutional violation (*Tirado v City of New York*, 19CV10377LAKSN, 2021 WL 11646299, at *8 [SDNY Jan. 25, 2021]; see also *City of Los Angeles v Heller*, 475 US 796, 799, 106 S Ct 1571, 1573, 89 L Ed 2d 806 [1986]).

[* 5]

158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No. 005

5 of 19

Page 5 of 19

A plaintiff may show the existence of a policy or custom by any of the following; (1) an express policy or custom; (2) an authorization of a policymaker of the unconstitutional practice; (3) failure of the municipality to train or supervise its employees, which exhibits a deliberate indifference to the rights of its citizens; or (4) a practice of the municipal employees that is so permanent and well settled so as to imply the constructive acquiescence of senior policymaking officials (*Swinson v City of New York*, 19 CV. 11919 [KPF], 2022 WL 142407, at *5 [SDNY Jan. 14, 2022], relying on *Corley v Vance*, 365 F Supp 3d 407, 438 [SDNY 2019], *affd sub nom. Corley v Wittner*, 811 Fed Appx 62 [2d Cir 2020][summary order]). Whichever theory plaintiff offers, boilerplate assertions of a municipal policy are insufficient to state a claim for *Monell* liability, facts supporting the policy's existence must be pled (*Felix v City of New York*, 344 F Supp 3d 644, 653 [SDNY 2018]).

In an attempt to make out a claim of a custom, policy, or practice with respect to the City defendants alleged provision of inadequate medical care, the proposed amended complaint includes a portion of excerpts of complaints received in response to a Freedom of Information Law (FOIL) request, a news article about the experiences of Dr. Homer Venters, and two articles discussing the unfortunate deaths of two inmates. Plaintiff contends that the factual allegations and exhibits in the proposed amended complaint are sufficient to plead that the City defendants had an official policy that (1) was established by the actions or decisions of a policymaker; (2) pervasive or widespread so as to constitute a custom or usage; and (3) demonstrates the failure of the municipality to train or supervise its employees, constituting deliberate indifference. The Court disagrees.

**158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX**
**Motion No. 005**

Page 6 of 19

6 of 19

[* 6]

*Policymaking Official:*

Plaintiff has failed to adequately plead a claim of liability based on an official policy or custom established by the actions or decisions of a municipal official. Even a single action by a decisionmaker who possesses final authority to establish municipal policy with respect to the action ordered may deprive the plaintiff of his or her constitutional rights (*Montero v City of Yonkers, New York*, 890 F3d 386, 403 [2d Cir 2018]). When a non-decisionmaker committed the violation, a plaintiff must allege facts suggesting that an officer with final policymaking authority ordered, ratified, or was aware of a subordinate's unconstitutional actions and consciously chose to ignore them, effectively ratifying the actions (*Hu v City of New York*, 927 F3d 81, 105 [2d Cir 2019]). The plaintiff must show that the official has final policymaking power and that the challenged actions are within that official's area of policymaking authority (*Roe v City of Waterbury*, 542 F3d 31, 37 [2d Cir 2008]).

The proposed amended complaint includes an allegation that the City defendants, "by their policy-making agents, servants and employees, authorized sanctioned and/or ratified the individual defendant's wrongful acts" (proposed amended complaint ¶ 54). However, the plaintiff fails to name or identify any individuals and/or officials in the proposed amended complaint let alone those with final policy or decision-making authority with respect to how, when, and to whom medical services were to be administered at the corrections facility (*see Bektic-Marrero v Goldberg*, 850 F Supp 2d 418, 430 [SDNY 2012]; *Clarke v Antonini*, 21 CIV. 1877 [NSR], 2022 WL 4387357, at *7 [SDNY Sept. 22, 2022]; see also *Schwab v Smalls*, 435 Fed Appx 37, 40 [2d Cir 2011]). Accordingly, plaintiff also fails to plead any factual allegations which would plausibly suggest that any policymaking official was involved with, informed of, or otherwise made aware of the conduct which comprises his claim.

**158949/2018 BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX**
**Motion No. 005**

Page 7 of 19

[* 7]

7 of 19

Further, the article cited in the proposed amended complaint, entitled *"Do Jails Kill People"* and written about the former Chief Medical Officer for the New York City Correctional Health Services Dr. Homer Venters, is insufficient to allege that the City defendants had a policy that was established by a policymaking official. Plaintiff contends that this article, from a person of power and authority, confirms the City defendants' alleged policy or practice of administering inadequate care which "came from the top down starting all the way at the Mayor's office" (affirmation of plaintiff's counsel in opposition to cross mot ¶ 33). However, none of the factual allegations in the proposed amended complaint demonstrate that Dr. Venter was an official with final policymaking power, reference the extent of his authority, or mention whether he exercised this authority to deprive inmates of medical care (*Clarke v Antonini*, 21 CIV. 1877 [NSR], 2022 WL 4387357, at *7 [SDNY Sept. 22, 2022]; see also *Zherka v City of New York, N.Y.*, 08 CV 9005 LAP, 2010 WL 4537072, at *4 [SDNY Nov. 9, 2010], *affd sub nom. Zherka v City of New York*, 459 Fed Appx 10 [2d Cir 2012]). Nor does the article includes allegations suggesting that other municipal officials, with final policymaking power regarding the provision of medical care to incarcerated individuals, had notice of any unconstitutional conduct or ordered, ratified, or consciously ignored the alleged practice of denying medical care. (*see Roe v City of Waterbury*, 542 F3d 31, 37 [2d Cir 2008]). Finally, contrary to plaintiff's claim, the article does not state that the Mayors' office, either through action or inaction, established an official policy to provide inadequate care to inmates. Rather the article speculatively relays that Dr. Venters blamed City Hall and former mayors for the condition and culture of brutality within Rikers (*see Sifonte v City of New York*, 194 AD3d 435, 436 [1st Dept 2021]). Therefore, the proposed amended complaint fails to raise a plausible inference that plaintiff's alleged constitutional injury was

**158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX**
**Motion No. 005**

**Page 8 of 19**

8 of 19

[* 8]

caused by a City official with final policymaking authority (*see Hu v City of New York*, 927 F3d 81, 105 [2d Cir 2019]).

*Widespread Practice or Policy:*

Plaintiff has also failed to adequately plead the existence of a policy or practice that is so persistent and widespread it constitutes a custom through which constructive notice may have been imposed. An official policy requirement may be met by alleging a practice so persistent and widespread, or permanent and well settled, as to constitute a custom or usage with the force of law and to imply the constructive knowledge of policymaking officials (*Felix v City of New York*, 344 F Supp 3d 644, 653 [SDNY 2018], citing *Sorlucco v New York City Police Dept.*, 971 F2d 864, 870 [2d Cir 1992]). Such a policy may be pronounced or tacit and reflected in either action or inaction (*Lucente v County of Suffolk*, 980 F3d 284, 297 [2d Cir 2020]). A practice is widespread when it is common or prevalent throughout the entity and under this category, a policymaker indirectly causes the misconduct of a subordinate by acquiescing in a longstanding practice or custom which may be fairly said to represent official policy (*Buari v City of New York*, 530 F Supp 3d 356, 398 [SDNY 2021]). Therefore, to demonstrate a *de facto* policy or custom, a plaintiff must show that a policymaker was aware of a subordinate's unconstitutional actions, and consciously chose to ignore them, effectively ratifying the actions (*Id.*).

The proposed amended complaint includes an allegation that the City defendants have engaged in a widespread practice or policy of failing to provide adequate and/or acceptable medical care to inmates in their custody and control (proposed amended complaint ¶ 58). In an attempt to allege the existence of a persistent or widespread practice, plaintiff alleges that the City defendants have been the subject of numerous complaints, grievances, lawsuits, and/or investigations with respect to the provision of medical treatment or care (*see* proposed amended

[* 9]

158949/2018 BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No. 005

9 of 19

Page 9 of 19

complaint ¶ ¶ 58, 61). In support of this allegation, plaintiff cites to excerpts of complaints and/or grievances which were received in response to a FOIL request, the aforementioned news article about Dr. Homer Venter, and includes two news articles discussing the settlements reached in lawsuits over the deaths of two inmates at Rikers Island. These supporting exhibits, whether reviewed separately or in conjunction, fail to enable the plaintiff to adequately allege a claim.

In the proposed amended complaint, plaintiff offers excerpts of complaints that were made to 311 which he received through FOIL from "just a limited time prior to and including the time period of the subject incident," regarding the medical care of inmates (proposed amended complaint ¶ 61). Plaintiff alleges that these complaints demonstrate a longstanding policy or custom to ignore or disregard the medical complaints of inmates and deprive them of reasonable medical care (proposed amended complaint ¶ ¶ 60, 61). However, contemporaneous or subsequent conduct cannot establish a pattern of violations that would provide notice to the City and the opportunity to confirm to constitutional dictates (*Douglas v City of Peekskill*, 21-CV-10644 [KMK], 2023 WL 2632217, at *8 [SDNY Mar. 24, 2023]; *Badia v City of New York*, 214 AD3d 551, 553 [1st Dept 2023]; quoting *Connick v Thompson*, 563 US 51, 63, 131 S Ct 1350, 1360, 179 L Ed 2d 417 [2011]). These complaints, which plaintiff himself describes as being from a limited time before and during the time of plaintiff's incident, do not support an inference of a well-settled or longstanding practice of which officials could have had notice.

Notwithstanding, these 311 complaints are also insufficient to plead the existence of a pattern or practice of providing inadequate medical care that is consistent and widespread across the entity. Of the complaints and/or grievances provided, many contain allegations speaking to possible violations or misconduct which is not at issue in the plaintiff's case; including, complaints about facility conditions, requests for different materials/furnishings, and requests for

[* 10]

158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No. 005

10 of 19

Page 10 of 19

certain documentation or transfers (*see Roman v City of Mount Vernon*, 21-CV-2214 [KMK], 2022 WL 2819459, at *21 [SDNY July 19, 2022]). Further, these 311 complaints were made by both various parties including inmates, family, and representatives, using various means and/or methods, and most of which do not contain an indication that they were reviewed, and/or whether they were investigated or substantiated (*see Id.*). Further, these complaints do not support an inference of a common or prevalent practice throughout *the entity* considering that the overwhelming majority are about/from Rikers Island, with very few coming from other facilities. In addition, only a small number of these grievances contain allegations which attribute any conduct to a specific or named employee within a facility and of these allegations, none implicate the same conduct or employees. Finally, both the proposed amended complaint and these 311 complaints fail to include factual allegations that any relevant official or supervisor was aware of the complaints or the allegations of conduct within, yet consciously chose to ignore them (*Douglas v City of Peekskill*, 21-CV-10644 [KMK], 2023 WL 2632217, at *8 [SDNY Mar. 24, 2023]). Therefore, these complaints are insufficient to demonstrate a widespread practice or pattern of similar violations to constitute an official policy or custom.

Next, the "Do Jails Kill People" article is also insufficient to demonstrate the City defendants had a persistent or widespread practice of providing inadequate medical care to inmates. The article is based on Dr. Homer Venters' book, "Life and Death in Rikers Island", about his personal observations while employed at Riker's Island. As previously mentioned, this is a different facility than the one where plaintiff was incarcerated, and the article makes no references to any other DOC facilities. As the articles are based on this one facility, it is insufficient to plead a common or prevalent practice throughout the entity. As both the article and the book on which it is based were published in 2019, post-dating the plaintiff's claim,

158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No. 005

Page 11 of 19

11 of 19

[* 11]

neither can be said to have provided notice to the City defendants of any of the unconstitutional conduct which may have been alleged within (*see Felix v City of New York*, 344 F Supp 3d 644, 658 [SDNY 2018] [a plaintiff may not rely on a later-published report when there does not appear to be any indication that officials had earlier notice of their contents]). Finally, the book is centered on Venters' experiences from the years of 2008 to 2017 and the article mentions allegations or incidents which are sparsely accompanied by a date or year. Of the incidents accompanied by a year, they are temporally distant and involve misconduct that is not similar to that which comprises the plaintiff's alleged constitutional injury. The article or book also contains more general allegations suggesting customs or practices which are not accompanied by a date. However, without factual allegations in either the proposed amended complaint and/or the article to plausibly suggest that these customs or usages were still the same at the time of plaintiff's claim, these allegations are insufficient (*see Yousef v County of Westchester*, 19-CV-1737 [CS], 2020 WL 2037177, at *12 [SDNY Apr. 28, 2020]). Accordingly, the article fails to support an inference of a persistent and widespread pattern or practice.

A plaintiff may allege a persistent or widespread practice by pleading that "the local government, 'faced with a pattern of misconduct and does nothing,' has 'compelled the conclusion that the local government has acquiesced in or tacitly authorized its subordinates' unlawful actions'" (*Tirado v City of New York*, 19CV10377LAKSN, 2021 WL 11646299, at *10 [SDNY Jan. 25, 2021], quoting *Reynolds v Giuliani*, 506 F3d 183, 192 [2d Cir 2007]). There must be sufficient instances of tolerant awareness by supervisors of the conduct to support an inference that they had a policy, custom, or usage of acquiescence in such conduct (*Lucente v County of Suffolk*, 980 F3d 284, 297 [2d Cir 2020]). A plaintiff may also bolster their claim by providing evidence that the municipality had notice of but repeatedly failed to make any

**158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX**                    Page 12 of 19
**Motion No. 005**

[* 12]                                          12 of 19

meaningful investigation into allegations of constitutional violations, such as by citing to similar incidents from other lawsuits or settlements (*Tirado v City of New York*, 19CV10377LAKSN, 2021 WL 11646299, at \*10 [SDNY Jan. 25, 2021]., accord *Lucente v County of Suffolk*, 980 F3d 284, 297 [2d Cir 2020]). A plaintiff may plead the existence of a *de facto* policy by citing to complaints in other cases that contain similar allegations (*Buari v City of New York*, 530 F Supp 3d 356, 399 [SDNY 2021]). Such complaints must involve factually similar misconduct, be contemporaneous to the misconduct at issue in the plaintiff's case, and result in an adjudication of liability (*Id.*).

Accordingly, the two news articles involving lawsuits over the deaths of two inmates at Rikers Island which are referenced in the proposed amended complaint are insufficient to allege a *de facto* custom or policy. Neither of the two wrongful death lawsuits highlighted by these articles resulted in adjudication on liability but rather both cases ended in settlement without an admission or finding of liability. The two articles also involve misconduct that is temporally distant, with the cases arising out of events which occurred in 2013 and 2002, respectfully.[1] Further, these articles discuss lawsuits which are factually distinguishable from the plaintiff's claim and do not include comparable misconduct or actors as those alleged in the proposed amended complaint (*see Clarke v Antonini*, 21 CIV. 1877 [NSR], 2022 WL 4387357, at \*8 [SDNY Sept. 22, 2022]). Therefore, these news articles are insufficient to plead the existence of a *de facto* custom or usage of which the City defendants had notice.

*Failure to Train or Supervise:*

---

[1] Notwithstanding, these articles are insufficient to establish a persistent or longstanding practice as one of these articles discusses that after the Investigation Department released its findings on the then-prison healthcare company in 2015, it was announced the City was letting its contract with that provider lapse and the City agency NYC Health & Hospitals would be taking over the provision of medical care in jails (*see* NYSCEF Doc. No. 90). Accordingly, these articles do not suggest an inference of tolerant awareness or acquiescence by the City defendants (*see Outlaw v City of Hartford*, 884 F3d 351, 380 [2d Cir 2018]).

Finally, the proposed amended complaint fails to set forth a claim of *Monell* liability under theories of the City defendants' failure to train or failure to supervise its subordinates, such that it amounted to deliberate indifference. The official policy requirement may be met by identifying a failure to train or supervise subordinates in a relevant respect, amounting to a deliberate indifference to the rights of those whom the municipality's employees come into contact (*Felix v City of New York*, 344 F Supp 3d 644, 653 [SDNY 2018]). Therefore, municipal liability may be based on a municipality's inaction, if 'the need to act is so obvious, and the inadequacy of current practices so likely to result in the deprivation of federal rights, that the municipality… can be found deliberately indifferent to the need'" (*Pettiford v City of Yonkers*, 14 CIV. 6271 [JCM], 2021 WL 2556172, at *6 [SDNY June 21, 2021] quoting *Reynolds v Giuliani*, 506 F3d 183, 192 [2d Cir 2007]). However, a 1983 claim against a municipality is at its weakest where it turns on an alleged failure to train or supervise (*Greene v City of New York*, 742 Fed Appx 532, 536 [2d Cir 2018] quoting *Connick v Thompson*, 563 US 51, 61, 131 S Ct 1350, 1360, 179 L Ed 2d 417 [2011]). Claims of municipal liability for the failure to train or failure to supervise are analyzed separately (*Buari v City of New York*, 530 F Supp 3d 356, 399 [SDNY 2021]).

*Failure to Train:*

To state a claim for liability based on a failure to train, a plaintiff must allege that a municipality's failure to train its employees in a relevant respect amounted to a deliberate indifference to the rights of persons with whom the untrained employees come into contact (*Hernandez v United States*, 939 F3d 191, 207 [2d Cir 2019]). Deliberate indifference is a stringent standard of fault, and for liability to attach in this circumstance, the identified deficiency in a city's training program must be closely related to the ultimate injury (*Hernandez*

[* 14]

158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX

14 of 19

Page 14 of 19

*v United States*, 939 F3d 191, 207 [2d Cir 2019]). The proposed amended complaint does not set forth factual allegations that the City defendants failed to train subordinates or that suggest an obvious need for more or different training. Further, the proposed amended complaint does not identify a training program, policy, or procedure, or otherwise allege a specific deficiency within said training. Nor do the additional sources cited by the proposed amended complaint include allegations regarding the need for better training, identify deficiencies in the City defendants' training of its subordinates, or otherwise implicate a failure to train in some respect (*Felix v City of New York*, 344 F Supp 3d 644, 660 [SDNY 2018]). Considering, plaintiff has failed to plead a claim based on a failure to train.

*Failure to Supervise:*

As with a failure to train, under a failure to supervise theory, a plaintiff must plausibly allege that the City's policymakers were knowingly and deliberately indifferent to the possibility that its' employees were likely to commit constitutional violations (*Tirado v City of New York*, 19CV10377LAKSN, 2021 WL 11646299, at *12 [SDNY Jan. 25, 2021]; relying on *Amnesty Am. v Town of W. Hartford*, 361 F3d 113, 127 [2d Cir 2004]). In the proposed amended complaint, plaintiff alleges that all acts and omissions were carried out pursuant to overlapping policies and practices of the City defendants, which were in existence at the time of the conduct alleged and were engaged in with the full knowledge, consent and cooperation and under the supervisory authority of the City defendants (proposed amended complaint ¶ 53). Additionally, plaintiff alleges that the City defendants, by their policy-making agents, servants and employees, authorized, sanctioned, and/or ratified the individual defendants' acts as alleged, and/or failed to prevent or stop those acts and/or allowed those acts to continue (proposed amended complaint ¶ 54). However, these allegations are insufficient.

158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No. 005                                    15 of 19

Page 15 of 19

[* 15]

To establish a custom or policy through a municipality's deliberate indifference to a failure to supervise, the plaintiff must show that the need for more or better supervision to protect against constitutional violations was obvious (*see Vasquez v City of New York*, 20-CV-4641 [ER], 2023 WL 8551715, at *6 [SDNY Dec. 11, 2023]; relying on *Vann v City of New York*, 72 F3d 1040, 1049 [2d Cir 1995]). A plaintiff may plead a failure to supervise by showing (1) a pattern of allegations of or complaints about, or a pattern of actual, similar unconstitutional activity, and (2) the municipality consistently failed to investigate those allegations, demonstrating deliberate indifference (*Atadzhanov v City of New York*, 21-CV-5098 [LJL], 2022 WL 4331304, at *11 [SDNY Sept. 19, 2022]). There is no requirement that complaints result in a formal finding of misconduct for such complaints to support findings of failure to supervise (*Buari v City of New York*, 530 F Supp 3d 356, 400 [SDNY 2021]). However, the deliberate indifference standard is stringent and requires proof that a municipal actor disregarded a known or obvious consequence (*Yousef v County of Westchester*, 19-CV-1737 [CS], 2020 WL 2037177, at *11 [SDNY Apr. 28, 2020]). A plaintiff must plead sufficient facts to make it plausible that the municipality was on notice of similar misconduct (*Mancuso v Vil. of Pelham*, 15-CV-7895 [KMK], 2016 WL 5660273, at *10 [SDNY Sept. 29, 2016]).

Therefore, for the same reasons that plaintiff failed to plead a claim of a persistent and widespread practice, plaintiff has also failed to plead a claim for the failure to supervise based on an obvious need for better supervision. Plaintiff has failed to include factual allegations which allege a pattern of similar violations or misconduct, nor include allegations which would suggest the City defendants' notice.

Further, even if the allegations in the proposed amended complaint were sufficient to allege a pattern or practice, the plaintiff has failed to adequately allege the City defendants'

158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No. 005

Page 16 of 19

[* 16]

16 of 19

deliberate indifference to such. An allegation of numerous claims of the underlying constitutional wrong by itself is insufficient to raise an inference of deliberate indifference due to a failure to supervise (*Taranto v Putnam County*, 21-CV-2455 [KMK], 2023 WL 6318280, at *20 [SDNY Sept. 28, 2023]). Rather, the plaintiff must allege that meaningful attempts to investigate repeated claims are absent (*Id.*). A 1983 claim for deliberate indifference by a municipality is not sustainable where its failure is attributable to mere negligence rather than to conscious choice (*Outlaw v City of Hartford*, 884 F3d 351, 379 [2d Cir 2018]).

The proposed amended complaint alleges that the City defendants have engaged in repeated practices exhibiting deliberate indifference to the constitutional rights of individuals similarly situated and demonstrated their deliberate indifference to medical complaints not only of the plaintiff, but of countless inmates before him (proposed amended complaint ¶¶ 58, 60). Additionally, plaintiff alleges that the City defendants, by their policy-making agents, servants and employees, authorized, sanctioned, and/or ratified the individual defendants' acts as alleged, and/or failed to prevent or stop those acts and/or allowed those acts to continue (proposed amended complaint ¶ 54). However, these conclusory assertions are insufficient to plead deliberate indifference without additional factual allegations suggesting a consistent failure to investigate or forestall incidents.

The proposed amended complaint fails to allege that despite notice of other similar complaints, there was a consistent failure to or lack of any meaningful attempt to investigate. Nor do the additional sources included in the proposed amended complaint plead the City defendants' deliberate indifference to the provision of inadequate medical care. In fact, within the 311 complaints provided by the plaintiff and of the ones involving the need or requests for medical care, there are responses and/or indication that those matters were forwarded for review

158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No.  005

Page 17 of 19

17 of 19

[* 17]

and/or were being investigated by staff at the facilities (*see* NYSCEF Doc. No. 88 at 222-223; 224-232; 233-236; 241-243; 250). These responses indicate that the complaint matter was either addressed, resolved, and/or the complaint was found to be unsubstantiated (*Id.*). Considering, the plaintiff has failed to adequately allege a failure to supervise claim based on the City defendants' deliberate indifference.

*Causation:*

Finally, supposing the plaintiff plausibly alleged an official policy or custom, his claim against the City defendants would nevertheless fail as he has not alleged a constitutional violation that was caused by said custom or policy. Plaintiff merely alleges that the City defendants "clearly have established an official policy or custom which causes plaintiffs and others similarly situated to him, to be subjected to a denial of a constitutional right" (proposed amended complaint at 60). But municipalities may only be held liable when the municipality itself deprives an individual of a constitutional right (*Dumel v Westchester County*, 19-CV-2161 [KMK], 2021 WL 738365, at *4 [SDNY Feb. 25, 2021]). Therefore, a plaintiff must show a direct or affirmative causal link between a municipal policy or custom and the alleged constitutional deprivation (*Outlaw v City of Hartford*, 884 F3d 351, 373 [2d Cir 2018]; see also *Dumel v Westchester County*, 19-CV-2161 [KMK], 2021 WL 738365, at *4 [SDNY Feb. 25, 2021]). Liability requires that the alleged unconstitutional policy was the "moving force" behind plaintiffs' injury- a showing that amounts to proximate cause (*Felix v City of New York*, 344 F Supp 3d 644, 654 [SDNY 2018]). Plaintiff has not included factual allegations to plausibly connect his asserted injury to the alleged policy or custom, or which would otherwise support an inference that the City defendants' policy or practices were the moving force behind his alleged constitutional injury, such that the City may be held responsible (*see Lopez v City of New York*,

[* 18]

158949/2018 BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX
Motion No. 005

Page 18 of 19

1:19-CV-03887-MKV, 2021 WL 466974, at *7 [SDNY Feb. 9, 2021]). As the plaintiff has not adequately alleged a causal link between an official policy or custom and his alleged, his claim based on *Monell* liability fails (*Batista v Rodriguez*, 702 F2d 393, 397 [2d Cir 1983]).

Conclusion:

Accordingly, it is hereby

ORDERED that the plaintiff's motion for leave to amend the complaint is denied; and it is further

ORDERED that the cross-motion by the City defendants to dismiss the Second Cause of Action in the plaintiff's proposed amended complaint is GRANTED.

This constitutes the decision and order of the court.

| 3/29/2024 | | | | NICHOLAS W. MOYNE, J.S.C. | |
|---|---|---|---|---|---|
| DATE | | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

19 of 19

[* 19]          158949/2018  BARRETT, MONTE vs. MANHATTAN DETENTION COMPLEX                    Page 19 of 19