■ 315-321 REALTY Co. ASSOC., LLC, Appellant, v CITY OF NEW YORK et al., Respondents. THIRD EQUITY OWNERS CORP., Appellant, v CITY OF NEW YORK et al., Respondents. [823 NYS2d 52]—

Order, Supreme Court, New York County (Saralee Evans, J.), entered November 10, 2004, and order, same court (Martin Schoenfeld, J.), entered May 18, 2005, which, in separate actions brought by property owners against the City of New York and its taxing authorities challenging tax assessments, granted defendants' motions for summary judgment dismissing the complaints, unanimously affirmed, without costs.

Plaintiffs allege that as a result of a systemic bribery scheme involving New York City tax assessors and lasting many years, the properties belonging to the bribe-paying taxpayers were underassessed, causing all remaining properties in the city, including those belonging to plaintiffs, to be overassessed. The actions, insofar as based on fraud, negligence or other common-law theories, were properly dismissed for lack of standing. Plaintiffs' allegations fail to show that the corruption caused them special damage different in kind and degree from the community generally (*see Matter of Colella v Board of Assessors of County of Nassau*, 95 NY2d 401, 410 [2000]). To the extent that damages are calculable, all taxpayers in the city have suffered in the same manner as plaintiffs, by having to pay an incrementally higher tax than they would otherwise. Nor do plaintiffs have claims under 42 USC § 1983 on theories that their rights to due process and equal protection were violated. A local government may not be sued under section 1983 for a constitutional injury inflicted by employees or agents not acting pursuant to official municipal policy or custom (*see Monell v New York City Dept. of Social Servs.*, 436 US 658, 694 [1978]; *Brown v State of New York*, 89 NY2d 172, 185 [1996]). Even if, as plaintiffs allege in conclusory fashion, high-ranking city employ-

ees failed to take steps against the corruption after becoming aware of its existence, such knowledge would not show a city policy or custom to lower assessments in exchange for bribes. We have considered and rejected plaintiffs' other arguments. Concur—Mazzarelli, J.P., Andrias, Sullivan, Nardelli and McGuire, JJ.