Powell v City of New York (2020 NY Slip Op 05831)





Powell v City of New York


2020 NY Slip Op 05831


Decided on October 15, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 15, 2020

Before: Webber, J.P., Gesmer, González, Scarpulla, JJ. 


Index No. 304079/14 Appeal No. 12062 Case No. 2019-5507 

[*1]Dimetris Powell, Plaintiff-Appellant,
v
The City of New York, Defendant-Respondent.


Alpert, Slobin & Rubenstein, LLP, Garden City (Lisa M. Comeau of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Elina Drucker of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about July 5, 2019, which, insofar as appealed from as limited by the briefs, granted defendant City of New York's motion to dismiss the complaint against it for violations of 42 USC Section 1983 based on allegations of false arrest, false imprisonment and malicious prosecution, and denied plaintiff's cross motion for leave to amend the complaint to assert those claims against Detective Felix Gross as a defendant and to further particularize the federal law claims against the City, unanimously affirmed, without costs.
The court properly granted the City's motion to dismiss the complaint in its entirety and properly denied plaintiff's cross motion for leave to amend the complaint. It is undisputed that the federal false arrest and malicious prosecution claims were time-barred on the date of plaintiffs' motion to amend the complaint to assert those claims against Detective Gross, and the assertion of those claims against him does not relate back to the original commencement of the action under the relation-back doctrine of CPLR 203 (b) and (c). This Court has held that police officers are not "united in interest" with the City with respect to federal false arrest claims against them because the City has no vicarious liability for alleged misconduct by police officers under 42 USC § 1983 (see Burbano v New York City, 172 AD3d 575 [1st Dept 2019]; Higgins v City of New York, 144 AD3d 511, 512 [1st Dept 2016]). We find unpersuasive the reasoning in DaCosta v City of New York (296 F Supp 3d 569, 586 [ED NY 2017]) that unity of interest also may be established between defendants where there is a legal obligation on one to indemnify the other.
The court also properly denied the motion for leave to amend the complaint to further particularize the federal law claims against the City insufficiently pled under Monell v Dept of Social Servs. (436 US 658 [1978]). The proposed amendment to particularize the claims is supported only by broad legal conclusions without factual support sufficient to survive a motion to dismiss (see Vargas v 1387 Grand Concourse Realty Corp., 288 AD2d 24 [1st Dept 2001]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 15, 2020