Sifonte v City of New York (2021 NY Slip Op 02771)





Sifonte v City of New York


2021 NY Slip Op 02771


Decided on May 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 04, 2021

Before: Acosta, P.J., Manzanet-Daniels, Moulton, Scarpulla, JJ. 


Index No. 30512/17E Appeal No. 13761N Case No. 2020-01504 

[*1]Kammie Sifonte, Plaintiff-Appellant,
v
The City of New York , et al., Defendants-Respondents, Police Officer Rony Santiago, Defendant.


Bell Law PLLC, New York (Henry Bell of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Jamison Davies of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered January 17, 2020, which denied plaintiff's CPLR 3124 motion to compel discovery and granted the City defendant's CPLR 3211(a)(7) cross motion to dismiss the complaint, unanimously affirmed, without costs.
Even construing the complaint, as amplified by all submissions on the dismissal motion, liberally and affording it the benefit of every favorable inference (see Smith v City of New York, 170 AD3d 499 [1st Dept 2019]), plaintiff has failed to state a claim against the City for Monell liability (see Monell v Department of Social Servs. of City of N.Y., 436 US 658, 693-695 [1978]; De Lourdes Torres v Jones, 26 NY3d 742, 768 [2016]). On the face of her complaint, plaintiff has alleged in only conclusory terms that defendants had unidentified "unlawful and unconstitutional policies, practices, procedures, and customs which operated to deprive [her] of her constitutional rights." This does not suffice to state a Monell claim (see Ashcroft v Iqbal, 556 US 662, 680-681 [2009]; 315-321 Realty Co. Assoc., LLC v City of New York, 33 AD3d 509, 509-510 [1st Dept 2006]).
Plaintiff's reliance on a memorandum from the New York City Civilian Complaint Review Board (CCRB) and a supporting brief from the New York Civil Liberties Union (see generally Matter of Lynch v New York City Civilian Complaint Review Bd., 183 AD3d 512, 518 [1st Dept 2020], lv denied 36 NY3d 901 [2020]), which she submitted in opposing dismissal, are also unavailing. These documents recommended that CCRB assert some jurisdiction over civilian complaints of sexual misconduct. While premised, to greater or lesser degree, on the proposition that existing New York City Police Department policies are deficient, neither document asserts that there is any official policy of condoning such misconduct, nor identifies any such policy (see Reynolds v Giuliani, 506 F3d 183, 193 [2d Cir 2007]).
The motion court providently exercised its discretion in denying plaintiff's motion to compel discovery, since she failed to show how any further discovery could help her to state a claim (see Karpovich v City of New York, 162 AD3d 996, 998 [2d Dept 2018]).
We have considered plaintiff's remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 4, 2021