Jorge v City of New York (2023 NY Slip Op 05445)

Jorge v City of New York

2023 NY Slip Op 05445

Decided on October 26, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 26, 2023

Before: Webber, J.P., Moulton, González, Kennedy, JJ. 

Index No. 300803/12 Appeal No. 915 Case No. 2022-01874 

[*1]Aldo Jorge, Plaintiff-Appellant,
v
The City of New York et al. Defendants-Respondents.

G. Wesley Simpson PC, Brooklyn (G. Wesley Simpson of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Julie Steiner of counsel), for respondents.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about April 29, 2021, which, to the extent appealed from, granted defendants' motion to dismiss the claims for assault, battery, use of excessive force, civil rights violations, and negligent hiring and retention, and to compel plaintiff to produce discovery, unanimously affirmed, without costs.
The court correctly dismissed the state law claims for assault and battery as time-barred (CPLR 3211[a][5]). Plaintiff had one year and 90 days from the assault, which occurred at the time of his arrest on October 30, 2007, to file the claims, but he did not commence this action until January 13, 2012, well after the statute of limitations expired (see CPLR 217-a; General Municipal Law § 50-i[1][c]; Grullon v City of New York, 222 AD2d 257, 258 [1st Dept 1995]). Plaintiff's federal claim for excessive force in violation of 42 USC § 1983 was similarly untimely, since he failed to commence the action within three years of his arrest (see Higgins v City of New York, 144 AD3d 511, 512 [1st Dept 2016]). The continuing wrong doctrine did not apply to toll the limitations periods because plaintiff alleged one tortious act, and the continuing consequences of that act did not amount to distinct wrongs (see Henry v Bank of Am., 147 AD3d 599, 601 [1st Dept 2017]).
Plaintiff failed to state a Monell claim (Monell v Department of Social Servs. of City of New York, 436 US 658 [1978]), as he did not allege facts showing that an official policy or custom caused the arresting officers to deprive him of his constitutional rights (CPLR 3211[a][7]; see De Lourdes Torres v Jones, 26 NY3d 742, 768 [2016]; Graham v City of New York, 279 AD2d 435, 436 [1st Dept 2001]). The generalized allegations in the complaint that law enforcement mistreated members of minority groups were insufficient, and the articles submitted by plaintiff did not address any specific policy that resulted in the deprivation of his rights (see Sifonte v City of New York, 194 AD3d 435, 436 [1st Dept 2021]; Pang Hung Leung v City of New York, 216 AD2d 10, 11 [1st Dept 1995]).
Because the officers were acting within the scope of their employment, the negligent hiring and retention claims were also correctly dismissed (Troy v City of New York, 160 AD3d 410, 411 [1st Dept 2018]; Thompson v City of New York, 159 AD3d 654, 654 [1st Dept 2018]).
The court providently exercised its discretion in granting defendants' motion to compel discovery (CPLR 3124). Contrary to plaintiff's contention, defendants adequately demonstrated in their affirmation of good faith the efforts that they had undertaken to obtain the requested information, which plaintiff failed to produce for years despite multiple court orders, prior to making the motion (Uniform Rules for Trial Cts [22 NYCRR] § 202.7[c]; see also Kihl v Pfeffer, 94 NY2d 118, 123 [1st Dept 1999]).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES [*2]THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 26, 2023