Isaac O. v City of New York (2024 NY Slip Op 51757(U))

[*1]

Isaac O. v City of New York

2024 NY Slip Op 51757(U)

Decided on December 23, 2024

Supreme Court, Kings County

Frias-Colón, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 23, 2024
Supreme Court, Kings County

Isaac O., et. al.[redacted], Plaintiff,

against
The City of New York and Joseph E. Kenny, in his individual and official capacities, Defendants.

Index No. 510515/2022

For Plaintiffs: Rehan Nazrali, 299 Broadway Floor 17, New York, NY, 10007, 646-331-9378.
For Defendants: Kenneth Sasmor of the New York City Law Department, 100 Church Street, New York, NY 10007, 917-356-7112.

Patria Frias-Colón, J.

Recitation as per CPLR §§ 2219(a) and/or 3212(b) of papers considered on review of this motion:
NYSCEF Doc #s 34-35, 44-45 by Defendants
NYSCEF Doc #s 41-43, 46 by Plaintiff
Upon the foregoing cited papers and after oral argument on June 12, 2024, Defendants The City of New York ("City") and Joseph E. Kenny (in his individual and official capacities) ("Kenny" and collectively with the City, "Defendants") move for an Order, pursuant to CPLR §§ 3211(a)(5) and (a)(7), dismissing the Second Cause of Action of Plaintiffs Isaac O., et. al. [redacted] (collectively with Isaac O., "Plaintiffs") against the City (Mot. Seq. # 4). Plaintiffs cross-move for leave, pursuant to CPLR § 3025(b), to serve their proposed Amended Complaint, dated June 5, 2024 (Mot. Seq. # 5). For the reasons stated herein, Defendants' motion is GRANTED, and Plaintiffs' Cross-Motion is DENIED.
BACKGROUND
On or about December 12, 2017, members of the New York City Police Department ("NYPD"), executed a "no knock warrant" at [redacted], in Far Rockaway, New York (the "underlying incident"),[FN1]
Plaintiffs' then residence. On March 4, 2019, Plaintiffs filed an action in Supreme Court, Queens County, against the City and certain individual officers in connection [*2]with the underlying incident.[FN2]
See O., et al. v City of New York, et al.[FN3]
(the "Queens County action"). The Queens County action is currently in the discovery stage.[FN4]

On April 15, 2021, more than three years after the underlying incident, Defendant Kenny participated in a press conference at the NYPD's headquarters (the "press conference incident").[FN5]
At said April 15th press conference, Defendant Kenny allegedly stated to the media that "[t]here was no mistake made, we were absolutely 100% in the right spot....[The] police hit two apartments that day—one in search of a dealer selling crack in another [redacted] building and another in search of a Chase Gang associate selling drugs out of O.'s [residence]."[FN6]

On April 11, 2022, Plaintiffs commenced the instant action against the City and Kenny (among others) in connection with the press conference incident. As relevant herein, Plaintiffs assert against the City a "Second Cause of Action for Monell Violations under 42 USC § 1983 [and the] 14th Amendment Violations" (the "original Monell claim").[FN7]
On July 29, 2022, Defendants joined issue by filing their Verified Answer raising, among other defenses, the expiration of the statute of limitations as to the original Monell claim.[FN8]

Thereafter, pursuant to CPLR § 3025(b), Plaintiffs moved for leave to amend their complaint to "add a claim against Kenny [to the effect] that [their] constitutional rights were violated under 42 USC § 1983" (the "proposed Monell claim") and to "add additional supporting facts to their [original] Monell claim regarding existing systemic racial bias in the NYPD in the promulgation and enforcement of the No-Knock Warrant policy."[FN9]

By Decision and Order dated October 5, 2023, the Court denied Plaintiffs' motion for leave to serve their amended complaint as devoid of merit because both the original and proposed Monell claims were time-barred pursuant to CPLR § 3211(a)(5) ("prior order").[FN10]
In that prior Order, the Court held that:
"Here, it is apparent that Plaintiffs' original and proposed Monell claims are based upon the execution of the no-knock warrant on December 12, 2017. Thus, the original Monell claim accrued on December 12, 2017. As such, the statute of limitations for Plaintiffs' original Monell claim would have expired on December 12, 2020. Since the instant action was commenced by the filing of a summons and verified complaint on April 11, 2022, the original Monell claim is time-barred. Thus, even if Plaintiffs' proposed Monell claim provided Defendants with sufficient detail of the incident, it would also be time-barred pursuant to CPLR § 203(f) because there would be no cause of action that is timely interposed in the original complaint for it to relate back to and the proposed [*3]Monell claim itself would not be timely if interposed in the original complaint."[FN11]
Thereafter, Plaintiffs moved to reargue their motion for leave to amend. By Decision and Order dated March 29, 2024, the Court denied Plaintiffs' motion and adhered to its prior Order (the "reargument Order").[FN12]
In said reargument Order, the Court held that
"given the arguments made in [Plaintiffs'] initial motion to amend the complaint, the arguments made on February 7, 2024 [at oral argument on the motion to reargue,] and the undisputed dates of the no-knock warrant (December 12, 20[17]) and the subsequent press conference (April 15, 2021) where Defendants affirmed their position regarding [the legality of] the no-knock warrant, the Court's [prior Order] is still warranted pending further instructions from the appropriate Appellate Division."[FN13]
DISCUSSION
Untimeliness of the Original Monell Claim, Pursuant to CPLR § 3211(a)(5)
"The doctrine of the law of the case is a rule of practice, an articulation of sound policy that, when an issue is once judicially determined, that should be the end of the matter as far as Judges and courts of co-ordinate jurisdiction are concerned." U.S. Bank N.A. v Tenenbaum, 228 AD3d 696, 699 (2d Dept 2024) (internal quotation marks omitted). The law of the case doctrine applies "only to legal determinations that were necessarily resolved on the merits in a prior decision and to the same questions presented in the same case." U.S. Bank N.A. v Moss, 186 AD3d 1753, 1753 (2d Dept 2020) (internal quotations marks and citations omitted).
Based on the Court's prior Order addressing a motion seeking similar relief and since Plaintiffs "had a full and fair opportunity to litigate the initial determination,"[FN14]
the law of the case doctrine precludes Plaintiffs from relitigating the Court's extant ruling that the original Monell claim is untimely. See Kanes v Kanes, 230 AD3d 662, 664 (2d Dept 2024); U.S. Bank Tr., N.A. v Longo, 227 AD3d 1122, 1123 (2d Dept 2024).
Plaintiffs' contention that "this Court [in the prior Order] erred in directly linking this present defamation lawsuit to the execution of the no-knock warrant[,] and that they should be seen as two (2) completely independent Monell claims that run parallel to [each other] without necessarily intersecting or merging past their point of origin,"[FN15]
misunderstands the finality of the Court's prior Order (as adhered to on reargument). "A court's inherent power to exercise control over its judgments is not plenary, and should be resorted to only to relieve a party from [*4]judgments taken through fraud, mistake, inadvertence, surprise or excusable neglect,"[FN16]
which is not the instance here.
Pleading Inadequacy of the Original Monell Claim, Pursuant to CPLR § 3211(a)(7)
Pursuant to CPLR § 3211(a)(7), Plaintiffs' original Monell claim fails to state a cause of action. Under Monell v New York City Dept of Social Servs., 436 US 658 (1978) and its progeny, "[o]fficial municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." Connick v Thompson, 563 US 51, 61 (2011). "Stated differently, the existence of such a policy may be shown by proof that the municipality had a custom or practice that was both widespread and reflected a deliberate indifference to its citizens' constitutional rights." De Lourdes Torres v Jones, 26 NY3d 742, 768 (2016). "Furthermore, to render the City liable under [42 USC] 1983, the City's custom or practice had to be the 'moving force' behind [the] constitutional injury." De Lourdes Torres, 26 NY3d at 768 (internal citation omitted).
Here, the generalized allegations in the complaint that police officers throughout the country mistreated members of minority groups (and, in particular, that the members of the Louisville, Kentucky, police department shot and killed Breonna Taylor after forcing entry into her apartment in the course of their undercover investigation) were insufficient to plead a Monell claim against the City. Likewise, the articles referenced by Plaintiffs in their complaint did not address any specific policy of the City that resulted in the deprivation of their rights. See Fludd v City of New York, 199 AD3d 894, 897 (2d Dept 2021); Jorge v City of New York, 220 AD3d 593 (1st Dept 2023); Brown v City of New York, 192 AD3d 963, 965-966 (2d Dept 2021), lv denied 38 NY3d 902 (2022).
Plaintiffs' reliance on the text of proposed bill S.4820/A.4369, intended to curtail the police use of the no-knock warrants, as well as citing citation to the ACLU of New York's Supporting Memorandum are unavailing. Although the proposed legislation is premised to some degree on the proposition that law-enforcement agencies in the State of New York are prone to error in executing no-knock warrants, neither document asserts that there is any official policy of condoning such misconduct, nor identifies any such policy by the City. See Sifonte v City of New York, 194 AD3d 435, 436 (1st Dept 2021). Lastly, in and of itself, the underlying incident cannot establish the existence of a City-wide policy or custom. See Mackenzie v Victor, 200 AD3d 529, 530-531 (1st Dept 2021).
Plaintiffs' proposed amended complaint seeking to further particularize their original Monell claim against the City by explicitly tying the press conference incident with the underlying incident [FN17]
is (at its core) an artifice or stratagem designed to avoid the preclusive effect of the prior Order. See Powell v City of New York, 187 AD3d 554, 555 (1st Dept 2020).
Accordingly, Defendants' motion is granted, and Plaintiffs' cross-motion is denied.
This action continues solely as to the first cause of action (defamation per se) against the named Defendants insofar as such cause of action concerns the alleged statements made by Defendant Kenny at the press conference incident.
This constitutes the Decision and Order of the Court.
Dated: December 23, 2024
Brooklyn, New York
Hon. Patria Frias-Colón, J.S.C.

Footnotes

Footnote 1:NYSCEF Doc No. 1 at pg. 4 ¶ 11.

Footnote 2:Id. at ¶ 12.

Footnote 3:Supreme Court, Queens County, [redacted].

Footnote 4:[Redacted].

Footnote 5:NYSCEF Doc No. 1 at pg. 5 at ¶ 16.

Footnote 6:NYSCEF Doc No. 1 at pg. 5 at ¶ 16.

Footnote 7:NYSCEF Doc No. 1 at pg. 5 at ¶¶ 30-65. By Decision and Order dated May 21, 2023, the Court limited the scope of the second (or Monell) cause of action to encompass the City only. See also NYSCEF Doc #18.

Footnote 8:NYSCEF Doc No. 4 at pg. 3 ¶ 11.

Footnote 9:NYSCEF Doc # 14 at pg. 3 ¶ 7.

Footnote 10:See O. v City of New York, [redacted].

Footnote 11:See O., [redacted].

Footnote 12:NYSCEF Doc No. 37.

Footnote 13:NYSCEF Doc Nos. 30, 37.

Footnote 14:See Nemeroff v Hamptons Little Neck, LLC, 228 AD3d 877, 878 (2d Dept 2024) (internal quotation marks omitted).

Footnote 15:See NYSCEF Doc # 42 ¶ 16, Plaintiffs' counsel's Affirmation in Support of Cross-Motion to Amend Plaintiffs' Complaint and in Opposition to Motion to Dismiss dated June 5, 2024. See also NYSCEF Doc #46 ¶ 2, Plaintiffs' Counsel's Affirmation in Reply to Defendants' Opposition to Cross-Motion e-filed June 11, 2024 ("Both CPLR §§ 2001 and 5019(a) permit a Plaintiff to seek leave of Court to amend pleadings and/or to conform to the proofs and if so obtained to have the Court correct any mistakes to the record that will not affect a substantial right of a party.") (emphasis added).

Footnote 16:See Matter of McKenna v Nassau County, 61 NY2d 739, 742 (1984) (internal quotation marks omitted).

Footnote 17:See Proposed Amended Complaint, dated June 5, 2024, ¶¶ 36-37, 52, 54-59, 64-68 (NYSCEF Doc #43).